Hess Bros.

vs

Frank M. Gallaghan

# 8761

No. 8761

Charles F. Claiborne, Judge.

*unconsolidated*

February 5th 1925

Court of Appeal
~~~~~~~ ~~~ ~~~~~~~~~
~~~ July 5/23
~~~~~~~~~~

8761

Ress Bros.

vs No.8761

Frank M.Gallaghan.

Charles F.Claiborne,Judge,

Plaintiff,of New York,claims of defendant $161.50 for candies sold and delivered.

The order was given by defendant to Mr Pinski,the local representative of plaintiff in New Orleans,during the end of September or the beginning of October 1919. The candies were delivered only on January 10th 1920 .The defense is that the candies reached the defendant"toolate for use,and in the meantime,he was obliged,in order to supply the demand,to purchase from local dealers at a price which caused a loss;that some time after the bill of goods reached Algiers,plaintiff's representative called on him,and defendant informed him that the candies were of no use to him and that he could not use them; that the representative then proposed that defendant use as much of them as it was possible for him to use in his trade,and that whatever he would use he would pay for;that he did use part of the candies,and in July 1920 he paid plaintiffs $100,which represented the full value of the candies used by him,that the balance of the candies were unfit for use and he could not sell them;hence he owed plaintiff nothing.

There was judgment for plaintiffs and defendant has appealed.

The defendant has received the candies,has sold some of them,and has not returned,nor offered to return the balance. He cannot keep the candy and the price.It would seem a sound conclusion of law that he must pay for it,unless he can show some other reason for not doing so.We do not think that he has

83

made that proof.

There is no contention that at the time the order was given,in September or October,the candies were to be delivered at any particular time.It is true that as a general rule,an order must be filled within a reasonable time and that 90 days was not such a time.But the plaintiff has testified,and it is not denied,that at the time the defendant gave his order he owed the plaintiff a bill for an anterior purchase and that it was a rule,in plaintiff's business not to fill an order,unless all prior bills had been paid.It does not appear either that defendant complained of the delay either to the plaintiff or to his local representative prior to the delivery of the candies.The evidence is that the candies sold were not peculiar to the Christmas holidays,but were standard goods for sale at all seasons.

The plaintiff's local agent denies all the allegations of defendant's answer.As the defendant is the only witness to support them by his testimony,it cannot overcome plaintiff's denial.

The judgment is therefore affirmed.

Judgment affirmed.

February 5th 1923.